**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| United States of America, | Crim. No. 19-4 (PJS/BRT) |
| Plaintiff, | |
| v. | |
| Luis Eduardo Cota Barreras (1), and<br>Angel Morales (2), | **ORDER** |
| Defendants. | |

---

Ruth Shnider, Esq., Assistant United States Attorney, counsel for Plaintiff.

Kirk M. Anderson, Esq., Anderson Law Firm, PLLC, counsel for Defendant Barreras.

Coley J. Grostyan, Esq., Law Office of Coley J. Grostyan, PLLC, Joseph S. Friedberg, Esq., Joseph S. Friedberg, Chartered, counsel for Defendant Morales.

---

Now before the Court are two pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1. Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2. Defendants do not oppose this motion. Therefore, the Government's Motion for Discovery **(Doc. No. 21)** is **GRANTED**.

**2. Defendant Morales's Request for Pretrial Discovery.** Defendant Morales filed a request for pretrial discovery, listing the requests in twenty-one separate numbered

paragraphs. Defendant Morales's Request for Pretrial Discovery **(Doc. No. 24)** is **GRANTED** in part and **DENIED** in part as follows:

a. **Requests for Discovery Under Rules 12 and 16. (Paragraphs 1–7.)** The Government responds that it has already complied with its obligations to disclose the information requested in these paragraphs and has even made discovery not required by law. Moreover, the Government acknowledges its ongoing disclosure obligations and states that it will continue to abide by its disclosure requirements. Finally, the Government objects to any disclosure of expert witnesses or reports as premature but does not object to an order requiring mutual expert disclosures by all parties two weeks prior to trial. On that understanding, Defendant Morales's discovery requests are **GRANTED**.

b. **Motion for Early Disclosure of Jencks Act Material. (Paragraphs 8, 11.)** Defendant Morales seeks early disclosure of copies of all statements made by witnesses or co-conspirators (i.e., Jencks Act materials). The Government objects to this motion on the grounds that it may not be required to make pretrial disclosure of Jencks material. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant Morales's request for Jencks Act materials is **DENIED**. Nothing in this Order precludes the Government from providing Jencks material before trial, should it choose to do so.

c. **Motion for List of Government Witnesses. (Paragraphs 9–10.)** Defendant Morales requests a list of witnesses that the Government intends to call. The Government represents that it will provide a trial witness list in accordance with the District Court's Scheduling Order. Therefore, this aspect of Defendant Morales's request is **DENIED** without prejudice. Identification of witnesses shall be done in accordance with the District Court's Scheduling Order on disclosure of witness and exhibit lists. Defendant Morales also requests a list of witnesses to the transactions described in the indictment whom the Government does not intend to call at trial. This aspect of Defendant Morales's motion is **DENIED** to the extent disclosure is not otherwise required by Rule 16.

d. **Motion to Disclose *Brady* and *Giglio* Material. (Paragraphs 12, 15, 17.)** The Government states that it is aware of its obligation to disclose exculpatory material under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972), and that it has complied, and will continue to comply, with this obligation. The Government objects to the extent that Defendant Morales's motion goes beyond the requirements of *Brady*, *Giglio*, and their progeny. Defendant Morales's motion is **GRANTED** to the extent required by *Brady* and *Giglio*.

e. **Motion to Disclose Grand Jury Materials. (Paragraphs 13–14.)** Defendant Morales requests disclosure of the identity of grand jury witnesses and transcripts of grand jury testimony. Defendant failed to provide any legal basis for requiring disclosure of this information, under Rule 6 or otherwise. Therefore, Defendant's request is **DENIED**.

**f.     Motion for Disclosures of "Confidential Reliable Informants" and "Previous Undercover Operations." (Paragraphs 16, 18–19.)** The Government states that it is not aware of any materials covered by these requests. Based on the Government's representation, Defendant's request is **DENIED** as moot. The Government clarifies, however, that the indictment in this case arose out of an investigation involving cooperating witnesses, the Government has already disclosed a significant amount of information concerning that investigation and those witnesses, and will disclose those persons' identities and any statements made to law enforcement prior to any trial testimony offered by those individuals. Defendant's request is therefore **GRANTED** to the extent it requests the disclosure of cooperating witnesses.

**g.     Motion to Disclose 404(b) Evidence. (Paragraph 20.)** The United States responds that it is aware of its obligations under Rule 404(b) and intends to produce all such evidence as soon as practicable. Therefore, Defendant Morales's motion is **GRANTED**. All 404(b) disclosures shall be made no later than fourteen days prior to trial.

**f.     Motion to Disclose Identification Evidence. (Paragraph 21.)** Defendant Morales requests information regarding any photographic or audio identification procedures to identify Defendants. The Government responds that there were no such procedures to identify Defendants in this case. An uncharged co-conspirator was identified via a Facebook photo shown to a cooperating witness, but information regarding that process was already disclosed. Accordingly, Defendant Morales's request is **DENIED** as moot.

Date: February 27, 2019.

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge
