UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 19-CR-0004(2) (PJS/BRT) |
| Plaintiff, | |
| v. | MEMORANDUM |
| ANGEL MORALES, | |
| Defendant. | |

Defendant Angel Morales was sentenced to 180 months' imprisonment after pleading guilty to conspiracy to distribute methamphetamine. The Presentence Investigation Report ("PSR") assigned no criminal-history points to Morales's 2012 conviction for failing to provide proof of insurance, a gross misdemeanor for which Morales was sentenced to two years' probation. *See* ECF No. 284 at ¶ 50. In deciding to assign no criminal-history points to the conviction, the PSR relied on a policy adopted by this District's Probation and Pretrial Services Office. The Court issues this memorandum to explain why it believes that the policy is mistaken.

As a general rule, prior misdemeanor offenses are assigned criminal-history points when a defendant's criminal-history score is calculated under the United States Sentencing Guidelines. The sentencing guidelines carve out limited exceptions to that general rule. For example, if a defendant's prior misdemeanor offense is "similar" to the offenses listed under § 4A1.2(c)(1), and if the defendant was sentenced to less than

30 days in jail (or to one year or less of probation), then the offense does not receive any criminal-history points.[1] Offenses listed under subsection (c)(1) include, for example, careless or reckless driving, disorderly conduct, and—most relevant here—driving without a license or driving with a revoked or suspended license.

The sentencing guidelines also instruct that, if the prior misdemeanor offense is similar to the offenses listed under § 4A1.2(c)(2), then criminal-history points are *never* assigned—no matter what sentence was imposed. Offenses listed under subsection (c)(2) include, for example, loitering, public intoxication, and—most relevant here—"minor traffic infractions," such as "speeding."

In assigning no criminal-history points to Morales's prior conviction for failing to provide proof of insurance, the PSR relied on subsection (c)(2), finding that a conviction for failing to provide proof of insurance is "similar" to a conviction for a minor traffic infraction, such as speeding. The Court disagrees. The Court views a conviction for failing to provide proof of insurance as "similar" to a conviction for driving without a license—and thus concludes that a conviction for failing to provide proof of insurance

---

[1]A prior misdemeanor offense that falls under subsection (c)(1) is also counted against a defendant's criminal-history score—regardless of the sentence imposed—if the offense for which the defendant is being sentenced is similar to the prior (c)(1) offense. That particular rule is not at issue in this case, as Morales was sentenced for conspiring to distribute methamphetamine, and his prior conviction was for failing to provide proof of insurance.

falls within subsection (c)(1), not subsection (c)(2). The Court reaches this conclusion for several reasons:

*First*, failing to provide proof of insurance and driving without a license are punished in similar ways, and are thus perceived as being similarly serious. *See* U.S.S.G. § 4A1.2 cmt. n.12(A)(i) and (ii). In Minnesota, "no proof of insurance" is a misdemeanor punishable by up to 90 days in jail (unless the crime is enhanced). *See* Minn. Stat. § 169.791; Minn. Stat. § 609.03(3). In order to be convicted of failing to provide proof of insurance, an individual essentially needs to not *be* insured—because if an individual is pulled over and does not have his insurance card with him, he just needs to provide proof of insurance later and he will not be convicted under the statute. *See* Minn. Stat. § 169.791, subds. 2-4.

Driving without a license is punished similarly. It, too, is a misdemeanor punishable by up to 90 days in jail (unless the crime is enhanced). *See* Minn. Stat. § 171.02, subd. 1(a); Minn. Stat. § 171.08; Minn. Stat. § 171.241; Minn. Stat. § 171.24; Minn. Stat. § 609.03(3). Similarly, in order to be convicted of driving without a license, an individual essentially needs to not *be* licensed—because if an individual is pulled over and does not have her driver's license with her, she just needs to provide proof of licensure later and she will not be convicted under the statute. *See* Minn. Stat. § 171.08. Moreover, both driving without a license and driving without insurance, if enhanced,

are gross misdemeanors punishable by up to a year in jail.  *See* Minn. Stat. § 169.791, subd. 2; Minn. Stat. § 171.24, subd. 5; Minn. Stat. § 609.03(2).

In contrast to the potential 90-day (or, if enhanced, one-year) penalty faced by individuals convicted of no proof of insurance or driving without a license, individuals convicted of speeding may not be sentenced to serve *any* jail time (unless the crime is enhanced).  *See* Minn. Stat. § 169.14; Minn. Stat. § 169.89 subds. 1 and 2.  This establishes that speeding is generally punished in a less severe manner, and is viewed as a less serious crime.  This weighs in favor of concluding that no proof of insurance should fall under subsection (c)(1) and not subsection (c)(2).

*Second*, failing to provide proof of insurance and driving without a license share similar elements, and defendants who commit these crimes are similarly culpable.  *See* § 4A1.2 cmt. n.12(A)(iii) and (iv). Both crimes involve an individual getting behind the wheel of a vehicle despite not meeting some legal prerequisite; it is only the prerequisite that differs.  Specifically, for driving without a license, an individual must get behind the wheel despite not being licensed, and for driving without insurance, an individual must get behind the wheel despite not being insured.  For both crimes, the individual has no lawful right to be driving *at all*.  This is in contrast to a minor traffic infraction such as speeding, where the driver has the right to be operating a motor vehicle, but does not have the right to operate the vehicle in a particular manner.  This again weighs

in favor of concluding that no proof of insurance should fall under subsection (c)(1) and not subsection (c)(2).

*Third*, given the similar elements of the crimes, and the similar culpability of those committing the crimes, both failing to provide proof of insurance and driving without a license demonstrate equal levels of disrespect for the rule of law and indicate a similar likelihood of recurring criminal conduct. *See* § 4A1.2 cmt. n.12(A)(v). Unlike a driver who simply has a bit of a lead foot on the way to work and receives a speeding ticket, individuals who drive without insurance, or drive without a license, generally make a conscience choice to get behind the wheel of a vehicle despite knowing that they have no right to do so. Such an act and mindset demonstrate a greater disrespect for the rule of law, and a greater likelihood of recurring criminal conduct, than merely speeding, or failing to signal a turn, or straying onto a fog line, or acting in some other impulsive or careless way.

*Finally*, other courts that have addressed the question of how to treat a prior conviction for driving without insurance have come to the same conclusion as this Court. The Fifth, Sixth, Seventh, and Tenth Circuits have all rejected the argument that driving without insurance is "similar" to a minor traffic infraction, and thus have rejected the argument that the crime falls within subsection (c)(2). *See, e.g., United States v. Rollins*, 378 F.3d 535 (6th Cir. 2004); *United States v. Perez de Dios*, 237 F.3d 1192 (10th

Cir. 2001); *United States v. Boyd*, 146 F.3d 499 (7th Cir. 1998); *United States v. Hardeman*, 933 F.2d 278 (5th Cir. 1991); *see also United States v. Hacker*, No. 99-50964, 2000 WL 1741547 (5th Cir. Nov. 6, 2000).

For these reasons, the Court concludes that prior convictions for failing to provide proof of insurance are not "similar" to prior convictions for minor traffic infractions and therefore do not fall within § 4A1.2(c)(2). Instead, failing to provide proof of insurance is "similar" to driving without a license and therefore falls within § 4A1.2(c)(1). For that reason, one criminal-history point should be assigned to such a conviction when the defendant was sentenced to 30 days or more in jail or to more than one year of probation. *See* U.S.S.G. § 4A1.2(c)(1).

Dated: January 23, 2020         s/Patrick J. Schiltz
                                Patrick J. Schiltz
                                United States District Judge